[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff in this case, Lillian Mancini, seeks a declaratory judgment determining the extent of the permissible uses of a certain right of way which she claims over Lot 27 on a certain map or plan known as "Re Subdivision Property of Charles E. Pysz and John Rodzen, Wendover Road, Suffleld, Connecticut, Date Nov. 1971, Scale 1"= 40', John H. Miller, Registered Surveyor, Revisions 8/1/74" which map is on file in the Suffield Town Clerk's Office. She claims to be the owner of Lot No. 27 on said map together with a right of way for ingress and egress to said Lot 27 and for all purposes for which a roadway may be used across that parcel of land described as "Access R.O.W. to Lot 27" as shown on the above-referenced map. She further claims that Wendover Road was accepted by the Town of Suffield as a public highway and that the Town maintains a sanitary sewer system under said road serving other lots in the Wendover Road subdivision.
The defendants, Kevin S. Sullivan, Jr. and Krist A. Sullivan, are the owners of the right of way area between Wendover Road and Lot 27, being the owners of Lot No. 28 on said map.
The plaintiff desires to build a residence upon Lot 27 and make other improvements to her land, including installation of an underground sanitary sewer from a dwelling house on Lot 27 across a portion of the right of way area and connecting to the sewer lateral under Wendover Road. The plaintiff alleges that the defendant, Suffield Water Pollution Authority (SWPCA) claims that the right of way in favor of the plaintiff does not include the right to construct underground utilities and accordingly has refused to issue an underground sewer capacity letter or issue a sewer connection permit. The plaintiff alleges that in order to use, enjoy or develop her land, it is necessary that the extent of permissible uses of the right of way be judicially determined.
The defendant, Suffield Water Pollution Control Authority, denies CT Page 12105 paragraph 8 of the plaintiff's complaint, which alleges that the Town of Suffield claims that the right of way in favor of the plaintiff does not include the right to construct underground utilities. It avers that the language of the easement claim by the plaintiff is not sufficiently clear in its meaning for the defendant to issue an unconditional sewer capacity letter or to issue a sewer connection permit. At trial the Suffield Water Pollution Control Authority made it clear to the Court that it regarded itself in this case as a "stakeholder".
The defendants, the Sullivans, filed a request to revise basically requesting that the plaintiff, in her complaint, be more specific in outlining such things as the volume, page and date of various deeds referred to in her original complaint as containing her chain of title.
The plaintiff filed an amended complaint in which she complied with all of the requests to revise sought by the Sullivans. The Sullivans then filed an answer to the amended complaint in which they left the plaintiff to her proof as to all of the paragraphs in the complaint with the exception of paragraph 6, which is admitted and contains the date of the deed to the Sullivans by which they became successors in title to the common grantors and that they are the present owners of the right of way area between Wendover Road and Lot 27.
At trial the plaintiff, with the approval of the defendant, entered a total of ten exhibits, all pre-marked. Exhibits 1-5[1] were deeds in the plaintiff's chain of title, Exhibits 6-8 were deeds in the defendants, the Sullivans, chain of title. Exhibit 9 was a variance with respect to the building Lot No. 27 and Exhibit 10 was the map referred to in the plaintiff's complaint. There was no argument before the Court at this time but both parties agreed to file briefs and did so.
Although the Sullivans, in their answer, left the plaintiff to her proof, in their brief they attempted to deny that the plaintiff had a right of way over that portion of the claimed right of way abutting their property.
The common deed to both of the plaintiff's and the defendants' land and the plaintiff's claim of right of way is dated 12/9/71 and is Exhibit 1 and 6. The grantor on that date is Wendover Estates Inc., and the grantee is Charles E. Pysz and John Rodzen. This deed is recorded in volume 128, page 95 and describes four parcels of property with the following titles: Lot No. 28, Lot No. 27, "Reserve Area" and "Right of Way". Defendant, by using the running description contained in this deed, claims that a certain triangle abutting Wendover Road is omitted from the right of way transferred by this deed, that the language of the right of way does not CT Page 12106 apply to the triangle and that therefore this triangle is not within the plaintiff's chain of title. It is clear that the attempted running description, which appears in the basic deed, contains two obvious errors. It is equally as clear that the overall description of the deed and intent of the deed is to transfer the right of way, i.e. all of the right of way, clearly outlined in the map, which is the basic reference for all of the deeds and the plaintiff's and defendants' chain of title. In the opinion of this Court, this argument of the defendants, aside from being a denial not included in the pleadings, has no merit whatsoever and there should be no further reference to same.
It is the opinion of this Court, that the plaintiff has clearly and unequivocally established that it has a right of way over Lot No. 28 on said map for ingress and egress and for all purposes for which a roadway may be used across that parcel of land designated as "Access R.O.W. to Lot No. 27" as shown on the above-referenced map.
In the opinion of this Court, determination of the sole issue in this case is dependent upon the language of the easement. The right of way for ingress and egress for Lot No. 27 is of course clear enough to establish a right of way over the property. The easement, however, is far broader than simple ingress and egress. It contains the language". . . and for all purposes for which a roadway may be used." To limit the use of this right of way to simple over the surface movement would render redundant most of the language . . . . and for all purposes" goes far beyond simple passage over the surface. Though originally granted in 1971, the language of this easement, in the opinion of this Court, was meant to be forward looking; prospective and would include not only the use of the highway for uses in 1971 but also for any other uses developed in the future. In 1971 it was not uncommon to use roadways for burying utilities of all sorts. The use of the word "and" also indicates that the grantors intended that the right of way include more than simple ingress and egress. In the case of Miskin v. Wroblewski, 1997 Conn. Sup. 8744, a case concerning property in Suffield, the court permitted the installation of all underground utilities, including water and electricity, cable television, sewer and telephone, over an easement with substantially less latitude than that in the case before the Court.
It is the judgment of this Court that the language of the plaintiff's easement permits the installation of all utilities both above ground and below ground, in the parcel known as "50 ft. right of way" as shown on the Re Subdivision Map of Wendover Road.
Hale, JTR CT Page 12107